JS-6

MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV (CSBN# 223532)
Counsel for Wage and Hour
KARLA MALAGON (CSBN#320505)
Trial Attorney
KARINA WEGMAN (DCB#1618649)
Trial Attorney
Office of the Solicitor
United States Department of Labor
300 5th Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6753
Email: Wegman.Karina.E@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,

Plaintiff,

v.

INDUSTRIAL MAINTENANCE SERVICE AND REPAIR, INC., d/b/a ORANGE COATING AND SANDBLASTING and JUAN RENTERIA, an Individual,

Defendants.

Case No.: CV 22-1533-GW-AGRx

**CONSENT JUDGMENT AND ORDER**

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Industrial Maintenance Service and Repair, Inc., d/b/a Orange Coating and Sandblasting and Juan Renteria ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging they violated provisions of sections 7 and 11(c), 15(a)(2) and

15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 15(a)(5).

B. Defendants have retained defense counsel and acknowledge receipt of a copy of the Secretary's Complaint in this action.

C. Defendants waive issuance and service of process of the Summons and Complaint, and waive their response to the Secretary's Complaint.

D. The Secretary conducted an investigation of Defendants pursuant to the FLSA covering the period of December 27, 2018 to December 26, 2021. The parties have agreed to settle and resolve all alleged FLSA violations attributable to Defendants through this Consent Judgment.

E. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

F. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

G. Defendant Orange Coating and Sandblasting is a coating, painting, and sandblasting services company.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to the FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA § 3(s), or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for their employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which they are employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Consent Judgment, shall amend and maintain their payroll practices as follows:

a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during the workweek; (3) the total weekly straight-time earnings for the hours worked during the workweek; (4) the total premium pay for overtime hours;

b. Defendants' timekeeping system shall permit employees (as opposed to supervisors) to track their individual work hours daily. The timekeeping system shall be used to calculate hours worked for payroll purposes. If changes in the time records later are required, Defendants shall designate and authorize one or more individuals to correct time entry errors, and the employee must sign off on the change.

c. Defendants shall pay all employee wages for each pay period with one check and not break up into multiple checks.

d. Defendants shall maintain all time and payroll records for a period of not less than three years.

e. Defendants shall record all wages paid to employees, regardless of the manner of payment, on their payroll records, and any expense reimbursements may be recorded in Defendants' accounting system.

f. Defendants shall inform all supervisors, managers, and persons performing payroll duties of the requirements of this Consent Judgment and shall provide a copy of this Consent Judgment to all supervisors, managers, and persons performing payroll duties.

g. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked.

h. Defendants shall not direct supervisors, managers, or persons performing payroll duties to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct their supervisors, managers, and persons performing payroll duties to encourage workers to report all hours worked.

4. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the attached Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment. Violation of this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

5. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts their rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of

this Paragraph may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

6. Defendants, jointly and severally, shall not continue to withhold the payment of $150,000 in overtime pay hereby found to be due by the Defendants under the FLSA to employees, as a result of their employment by Defendants during the period of December 27, 2018 to December 26, 2021 ("Back Wage Accrual Period").

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary and against Defendants in the amount of $305,000. Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT**

7. Defendants shall pay $150,000 in overtime pay hereby due under the FLSA and this Judgment, to employees on Exhibit A. In addition, liquidated damages in the amount of $150,000 are hereby due under the FLSA and Defendants shall pay this amount to the employees on Exhibit A.

8. The amount of $5,000 in civil money penalties is assessed against Defendants and finally determined, pursuant to FLSA Section 16(e), 29 U.S.C. § 216(e).

9. Defendants will comply with paragraphs 6, 7, and 8 of this judgment by making payments as described in **Exhibit B**. Defendants may pay without penalty all or a portion of the amount owed earlier than it is due.

10. Defendants may make the payments required by this Consent Judgment (back wages plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region", or Liquated Damages or Civil Money Penalties as applicable. Payments shall reference Case Number # 1955280.

11. Any monies not distributed to employees, because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

12. Within 15 days of entry of this Consent Judgment, Defendants shall deliver a schedule containing the full name of each employee listed on the attached Exhibit A, the employee's current address or last known address, home phone number, cell phone number, and other known contact information of the employee.

13. The Secretary shall allocate and distribute the funds described in paragraphs 7 and 8, less deductions made by the Secretary for the employees' share of payroll taxes.

14. In the event of any default in the timely making of any payment due hereunder, the full amount due under the back wage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business addresses of Defendants then known to the Secretary with electronic copies also concurrently e-served on Defendants' counsel of record.

15. Within thirty (30) days of the entry of this Judgment, Defendants shall supply all of their employees with copies of the attached Exhibit C. In addition, Defendants shall, for one year from the date of the entry of this Judgment, post a copy of Exhibit C at a work location where it is visible to employees.

**IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified therein, nor as to any employer other than Defendants.

**IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the Judgment herein; and, it is further

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: September 1, 2022

HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE

For the Plaintiff:

MARC A. PILOTIN
Regional Solicitor

*/s/ Karina Wegman*
KARINA WEGMAN
Trial Attorney

DATE: 8/30/2022

*/s/ Karla Malagon*
KARLA MALAGON
Trial Attorney

DATE: 8/30/2022

For Defendants:

The Defendants hereby appear and consent to the entry of this Judgment and waive notice by the Clerk of Court.

Industrial Maintenance Service and Repair, Inc., d/b/a Orange Coating and Sandblasting

JUAN RENTERIA
BY: Juan Renteria
Managing Agent

DATE: 8-25-2022

JUAN RENTERIA
Juan Renteria
Individually

DATE: 8-25-2022

Approved as to Form

Carlos Becerra
Attorney for Defendants

DATE: August 29, 2022

**Exhibit A**

**Employee List**

| First Name | Last Name | Back Wages | Liquidated Damages | Total Due (BWs and LDs) |
|---|---|---|---|---|
| Francisco | Castillo | $23,478.53 | $23,478.53 | $46,957.06 |
| Jose | Cervantes | $489.45 | $489.45 | $978.90 |
| Gabriel | Dominguez | $22,081.88 | $22,081.88 | $44,163.76 |
| Simon | Garcia | $21.80 | $21.80 | $43.60 |
| Eloy | Gonzalez | $15,983.89 | $15,983.89 | $31,967.78 |
| Jesus | Medina | $24,805.45 | $24,805.45 | $49,610.90 |
| Francisco | Quinonez | $2,161.17 | $2,161.17 | $4,322.34 |
| Ariel | Renteria | $16,339.28 | $16,339.28 | $32,678.56 |
| Flavio | Renteria | $6,438.75 | $6,438.75 | $12,877.50 |
| Abel | Reyes | $23,680.11 | $23,680.11 | $47,360.22 |
| Heriberto | Rodriguez | $14,519.69 | $14,519.69 | $29,039.38 |

# Exhibit B
# Payment Schedule

**Employer Name: Orange Coating and Sandblasting**
**Case ID Number: 1955280**

| Total Amount Due | $305,000.00 |
| --- | --- |
| Period in Months | 36 |
| Start Date of Payments | 9/1/2022 |
| Total Number of Payments | 13 |

| Due Date | Amount Due | Interest Due | Total Payment Due |
| --- | --- | --- | --- |
| **9/1/2022** | $50,000.00 | $0.00 | $50,000.00 |
| **12/1/2022** | $21,250.00 | $340.09 | $21,590.09 |
| **3/1/2023** | $21,250.00 | $340.09 | $21,590.09 |
| **6/1/2023** | $21,250.00 | $340.09 | $21,590.09 |
| **9/1/2023** | $21,250.00 | $340.09 | $21,590.09 |
| **12/1/2023** | $21,250.00 | $340.09 | $21,590.09 |
| **3/1/2024** | $21,250.00 | $340.09 | $21,590.09 |
| **6/1/2024** | $21,250.00 | $340.09 | $21,590.09 |
| **9/1/2024** | $21,250.00 | $340.09 | $21,590.09 |
| **12/1/2024** | $21,250.00 | $340.09 | $21,590.09 |
| **3/1/2025** | $21,250.00 | $340.09 | $21,590.09 |
| **6/1/2025** | $21,250.00 | $340.09 | $21,590.09 |
| **9/1/2025** | $21,250.00 | $340.09 | $21,590.09 |

# <u>Exhibit C</u>

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, Orange Coating and Sandblasting agreed to compensate their employees in accordance with the Fair Labor Standards Act, and the **United States District Court** entered an Order requiring **Orange Coating and Sandblasting**, to pay employees overtime as required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (714) 621-1650. Your name will not be disclosed.

# **Exhibit C**

(Spanish)

## AVISO LEGAL A TODOS LOS EMPLEADOS

La **Ley de Normas Razonables de Trabajo** establece que todos los empleados deben recibir el salario mínimo por todas las horas trabajadas. Además, a los empleados se les debe pagar horas extras, a tiempo y medio de su tarifa regular, por las horas que trabajen más de 40 en una semana laboral. Todos los empleados tienen derecho a una prima por horas extras cuando trabajan más de 40 horas.

Para resolver una demanda presentada por el Departamento de Trabajo, **Orange Coating and Sandblasting** acordó compensar a sus empleados de acuerdo con la **Ley de Normas Razonables de Trabajo**, y el Tribunal de Distrito de los Estados Unidos emitió una Orden que exige que **Orange Coating and Sandblasting** pague a los empleados horas extras como lo requiere la Ley de Normas Razonables de Trabajo.

Todos los empleados que trabajan en este establecimiento deben denunciar las violaciones del salario mínimo y las horas extraordinarias a la División de Horas y Salarios del Departamento de Trabajo de los EE. UU. al (714) 621-1650. Su nombre no será revelado.